STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION AND HENSLEY ENTERPRISES, INC. v. LACY H. THORNBURG, ATTORNEY GENERAL

No. 91A85

(Filed 1 October 1985)

1. **Utilities Commission § 55 — judicial review of Commission order — minimal consideration to competent evidence — arbitrary or capricious decision**

    An order of the Utilities Commission which indicates that the Commission accorded only minimal consideration to competent evidence constitutes error at law and is correctable on appeal. Furthermore, findings, inferences, conclusions or decisions of the Commission which are arbitrary or capricious and which prejudice the substantial rights of the appellants are not binding on a reviewing court. G.S. 62-94(b)(6) (1982).

2. **Utilities Commission § 57 — continuation of capital improvements surcharge — more than minimal consideration to competent evidence**

    In ordering that a 15% capital improvements surcharge previously approved by the Utilities Commission for a water company be continued, the Commission gave more than minimal consideration to the water company's violations of previous orders of the Commission that first established the 15% surcharge where it is clear that the Commission was aware of those violations but concluded that the water company's use of the surcharge funds to make needed capital improvements, coupled with the need for further improvements, justified continued collection of the surcharge with essentially the same restrictions as before, and where the Commission further provided that

failure of the water company to apply a substantial portion of its net income to the making of improvements could result in termination of the surcharge upon the Commission's motion or upon the motion of any party.

**3. Utilities Commission § 57— continuation of capital improvements surcharge— decision not arbitrary and capricious**

The Utilities Commission's decision to continue a 15% capital improvements surcharge for a water company was not arbitrary and capricious because of the water company's failure to comply with prior orders, particularly its payment of excessive salaries, where the Commission was aware of the water company's violations of its previous orders, the evidence showed that proceeds of the surcharge had been used to make needed improvements and that further improvements are needed that are beyond the capacity of the water company to finance alone, and the Commission in the exercise of its judgment simply determined that continuation of the surcharge was necessary to insure adequate service to the water company's customers.

APPEAL by Lacy H. Thornburg, Attorney General, pursuant to N.C.G.S. § 7A-29 from the final order of the Utilities Commission entered 10 January 1985 in Docket No. W-89, Sub 24.

On 2 April 1984 Hensley Enterprises, Inc. (Hensley) filed an application with the North Carolina Utilities Commission (Commission) to increase its rates for water utility service in all of its service areas in North Carolina. Hensley also requested that the 15% capital improvements surcharge previously authorized by the Commission be continued. Various parties, including the Attorney General, were allowed to intervene. They opposed both the requested rate increase and continuation of the surcharge.

Following the public hearing on 12 September 1984, the Hearing Examiner issued his Recommended Order. In Finding of Fact No. 9 he stated that:

9. The 15% assessment approved in the Applicant's last two rate cases should be continued under the conditions hereinafter set forth in this Order. The assessment, as well as a substantial part of the net income of the Company, should be used to make the needed capital improvements to the Applicant's existing water systems.

The Hearing Examiner then ordered that the surcharge be continued through 31 January 1987 unless terminated sooner by the Commission. The full Commission overruled the Attorney General's exceptions and affirmed and adopted the Recommended Order as its Final Order of 10 January 1985.

*Lacy H. Thornburg, Attorney General, by Angeline M. Maletto, Associate Attorney, for the State.*

*Parker, Sink, Powers, Sink & Potter, by Charles F. Powers III, for applicant-appellee Hensley Enterprises, Inc.*

BRANCH, Chief Justice.

The question posed by this appeal is whether Finding of Fact No. 9 and the decision of the Commission are supported by competent, material and substantial evidence in view of the whole record or are arbitrary or capricious. N.C. Gen. Stat. § 62-94(b)(5) and (6) (1982). We find no error in the Commission's Final Order and affirm its decision.

[1] Through Chapter 62 of the General Statutes the legislature has conferred upon the Commission the power and the duty to compel public utilities to render adequate service to their customers in return for reasonable rates. *Utilities Comm. v. Morgan*, 277 N.C. 255, 177 S.E. 2d 405 (1970). Rates set by the Commission are to be as low as may be reasonably consistent with the due process requirements of the state and federal constitutions. *Utilities Comm. v. Power Co.*, 285 N.C. 377, 206 S.E. 2d 269 (1974). In setting rates the Commission must consider not only "those specific indicia of a utility's economic status set out in G.S. 62-133(b), but also 'all other material facts of record' which may have a significant bearing on the determination of reasonable and just rates." *Utilities Comm. v. Edmisten*, 299 N.C. 432, 437, 263 S.E. 2d 583, 587-88 (1980) (quoting N.C.G.S. § 62-133(d) ). On appeal the findings and determinations made by the Commission under the provisions of Chapter 62 are prima facie just and reasonable. N.C. Gen. Stat. § 62-94(e) (1982). Findings of fact made by the Commission that are supported by competent, material and substantial evidence are binding on appeal. *State ex rel. Utilities Commission v. Conservation Council*, 312 N.C. 59, 320 S.E. 2d 679 (1984). However, an order "which indicates that the Commission accorded only minimal consideration to competent evidence constitutes error at law and is correctable on appeal." *Utilities Comm. v. Edmisten*, 299 N.C. at 437, 263 S.E. 2d at 588. Findings, inferences, conclusions or decisions of the Commission which are arbitrary or capricious and which prejudice the substantial rights of the appellants are not binding on a reviewing court. N.C. Gen. Stat. § 62-94(b)(6) (1982).

[2] In attacking the Commission's findings and conclusions the Attorney General does not strongly argue that the evidence relied on by the Commission to support its findings and conclusions is unreliable, but forcefully argues that the Commission gave only minimal consideration to competent evidence. This argument is based primarily on the fact that Hensley had violated prior orders of the Commission that first established the 15% surcharge for capital improvements. In a previous order the Commission found that the surcharge was necessary so that Hensley could make needed substantial improvements to its water systems such as new wells, pumps, tanks, fittings, etc. Evidence and Conclusions for Finding of Fact No. 10 Docket W-89, Sub 18, 25 January 1982. The Commission authorized Hensley to collect a 15% surcharge on each monthly bill to its customers upon the condition that Hensley follow the terms and conditions set forth in the order and use the proceeds solely for the purpose of making the necessary capital improvements to its system. *Id.* The Commission noted that:

> The approval of the 15% assessment herein is an extraordinary remedy. Consequently, this Order will set forth the terms and conditions governing the collection of the assessment and the expenditure thereof. The assessment will be used *solely* to make those improvements approved by the Commission in a Schedule of Improvements to be prepared and submitted by Applicant. The Schedule shall be compiled in consultation with the Public Staff and the Division of Health Services. The funds received under the assessment shall be recorded and maintained in a separate account. There will be reporting requirements. The assessment shall expire at the end of three years, but the Applicant shall have the right to request an extension thereof.

> The improvements to be made with the assessment shall give priority to the regulations of the Division of Health Services governing the safety and adequacy of drinking water.

> The approval of the assessment herein does not relieve the Applicant of making improvements with funds secured through its own financing.

*Id.*

The Commission further directed that a report of the receipts and expenditures be filed, with a copy to the Public Staff, every quarter. *Id.* Each report was to show the total assessments collected, the assessments collected for that quarter, the improvements made in that quarter, the expenditure for the improvements and the location of these improvements. *Id.*

In a subsequent order the Commission found a continuation of the surcharge to be necessary but cautioned Hensley that in light of the fact that the ratepayers were buying capital assets for the utility, it would be expected to substantially supplement the surcharge by reinvesting a portion of its profits and by raising capital from traditional sources. Evidence and Conclusions for Finding of Fact No. 8, Docket W-89, Sub 20, 23 December 1982. Continuation of the surcharge was to be based on the following factors:

> (1) that the surcharge funds be strictly accounted for and expended strictly in accordance with the prior approval of the Commission, (2) that the surcharge funds result in substantial capital improvements obtained and made in the most economical possible manner, (3) that the Applicant substantially supplement the surcharge funds by reinvesting a significant portion of its profits in the capital improvements needed, (4) that the Applicant make on-going efforts to obtain capital funds from traditional sources and means other than surcharging its ratepayers, and (5) that the Applicant take immediate action to fix the numerous small deficiencies in its systems which require little, if any, investment of effort or money.

*Id.*

The Commission again required that all surcharge collections be deposited in a separate bank account and further directed that Hensley would hold those funds in trust. Final Order of the Commission, Docket W-89, Sub 20.

As the Attorney General has pointed out, Hensley violated many of these guidelines and restrictions. Funds collected from the surcharge were not segregated, the required reports were not filed, expenditures were made without consultation with the Commission, and surcharge collections were expended for projects not included in the Commission's list of priority improvements.

Hensley also added new water systems without authorization and failed to correct many of the small deficiencies in the systems in question. The salary paid by Hensley to its president, Arnold T. Hensley, was nearly double what the Commission had determined was a reasonable salary and the salaries paid to administrative personnel were somewhat more than twice what the Commission had recommended. These increases prevented Hensley from using profits to finance improvements and were coupled with a failure to obtain capital funds from traditional sources.

Though Hensley failed to comply with the terms of the Commission's previous orders, there is competent and material evidence to support the Commission's finding that Hensley's use of the surcharge funds resulted in substantial capital improvements and benefits to customers. Arnold Hensley testified that the surcharge proceeds had been used to construct well houses, grade and gravel lots, install treatment facilities, air compressors, switches, meters, blow-offs, etc. Many of these improvements were required by the Department of Health Services and the Utilities Commission. There was also evidence from Public Staff witness, Andy Lee, that the surcharge proceeds had been used for improving well sites in approximately two-thirds of Hensley's systems and that these improvements should enable Hensley to provide better service to its customers. Jim Adams of the Division of Health Services testified that the number of Hensley's approved systems had gone from zero to eight because of the surcharge funds. Lastly, there was evidence that further improvements were needed and that Hensley was unable to borrow funds for capital improvements from other sources.

In answer to the Attorney General's suggestion that the Commission did not give proper weight to the evidence of Hensley's violations of the Commission's prior orders, it is sufficient to point out that the Commission was aware of those violations but concluded that Hensley's use of the surcharge funds to make needed capital improvements, coupled with the need for further improvements, justified continued collection of the surcharge with essentially the same restrictions as before. The Commission further provided that the failure by Hensley to apply a substantial portion of its net income to the making of improvements could result in termination of the surcharge upon the Commission's own motion or upon the motion of any party. This evidence

is sufficient to show that the Commission gave more than minimal consideration to Hensley's violations of previous Commission orders. *See Utilities Comm. v. Edmisten,* 299 N.C. 432, 263 S.E. 2d 583; *State ex rel. Utilities Comm. v. Conservation Council,* 312 N.C. 59, 320 S.E. 2d 679 (Commission's summary of appellant's argument and rejection of same is sufficient to allow reviewing court to ascertain controverted question presented by the proceeding). It is a well-established rule that "it is for the administrative body, in an adjudicatory proceeding, to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and circumstantial evidence." *Comr. of Insurance v. Rate Bureau,* 300 N.C. 381, 406, 269 S.E. 2d 547, 565 (1980). Findings of fact and determinations of the Commission as to what rates are reasonable may not be reversed or modified merely because the reviewing court might reach a different result based on the same evidence. *Utilities Comm. v. Telephone Co.,* 281 N.C. 318, 189 S.E. 2d 705 (1972). Although the Commission's findings of fact are somewhat skimpy and in some cases are more like conclusions, we hold that they are supported by the evidence and therefore are binding on appeal.

[3]  Lastly, we reject the Attorney General's contention that the Commission's decision to continue the 15% surcharge was arbitrary and capricious. Decisions are arbitrary and capricious when, among other things, they indicate a lack of fair and careful consideration or fail to display a reasoned judgment. *Comr. of Insurance v. Rate Bureau,* 300 N.C. at 420, 269 S.E. 2d at 573. The Attorney General bases his argument that the Commission acted arbitrarily and capriciously on its extensive use of language from its prior order in the present order authorizing continuation of the surcharge in the face of Hensley's failure to comply with prior orders, particularly Hensley's actions in paying excessive and unreasonable salaries. However, as the Attorney General acknowledges, the Commission was aware of Hensley's violations of its previous orders. The Commission in the exercise of its judgment simply determined that continuation of the surcharge under the same conditions was necessary to ensure adequate service to Hensley's customers. In light of the evidence that proceeds of the surcharge had been used to make needed improvements and that further improvements are needed that are beyond the capacity of

Hensley to finance alone, we cannot say that the Commission acted arbitrarily and capriciously in continuing the surcharge. Therefore, we hold that the Commission did not act arbitrarily or capriciously in issuing its Final Order.

We do not mean to indicate by this decision that the Commission has unbridled discretion in exercising its judgment. We find Hensley's failure to comply with the terms of previous orders in handling proceeds of the surcharge to be very disturbing. Hensley's duties in collecting and applying these funds are similar in nature to those of a trustee and should be strictly complied with. Should Hensley violate the conditions and restrictions placed on the collection and disbursement of surcharge funds contained in the present order, it is difficult to see how continued collection of the surcharge could be justified.

For the reasons stated we affirm the Final Order of the Utilities Commission.

Affirmed.